UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO: 4:19-CV-00076-JHM

PATRICIA KUSHINO on behalf of the
Patricia L. Kushino Revocable Trust and
JO ANNE WILLIAMS                                                                PLAINTIFFS

V.

FEDERAL AVIATION ADMINISTRATION,
STEPHEN DICKSON,
PHILLIP J. BRADEN,
HENDERSON CITY-COUNTY AIRPORT BOARD,
ALLEN BENNETT,
HENDERSON COUNTY, KENTUCKY,
CITY OF HENDERSON, AND
RUSSELL SIGHTS                                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss [DN 9]. Fully briefed, this matter is ripe for decision. For the following reasons, the Defendants' Motion is **GRANTED in part** and **DENIED in part**.

### I. BACKGROUND

Plaintiffs Patricia Kushino and Jo Anne Williams (hereinafter the "Williams") brought this action to challenge violations of the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321, and its implementing regulations. [DN 1 ¶ 1]. The instant Motion concerns the Williams' claims—Counts I, II, III, and IV—against the Federal Aviation Administration, Stephen Dickson, and Phillip J. Braden (collectively, "the FAA").

According to the Complaint, the Henderson City-County Airport Board is seeking to expand the airport. To do so, the improvement plan requires federal approvals and federal funding from the FAA. As a result, the expansion project must comply with the National Environmental Policy Act ("NEPA"). To expand the airport, Defendants need to acquire portions of the Williams'

land—a family farm located adjacent to the airport. The Airport Board prepared an environmental assessment ("EA") for the proposed expansion. Thereafter, on September 2, 2016, the FAA issued a Finding of No Significant Impact ("FONSI") in which the FAA concluded the proposed runway expansion project would have no significant impact on the quality of the human environment. [*Id.* ¶¶ 3–4, 53]. The Williams, after becoming aware of the findings of the FAA, sought review of the FONSI in the Sixth Circuit pursuant to 49 U.S.C. § 46110. [DN 9-1]. On June 21, 2018, the Sixth Circuit dismissed the Williams' petition as untimely, having been filed outside of the sixty-day time frame during which a party may seek review of FAA orders. [DN 1-5 at 1]. The Sixth Circuit instructed that if the Williams wished to "challenge the FAA's decision not to prepare a supplemental environmental impact statement," they needed to file a separate petition. [*Id.* at 3].

The Williams filed this action in the Western District of Kentucky on July 5, 2019. They assert that this action is an effort to do exactly as the Sixth Circuit instructed. The Complaint sets forth seven causes of action, but only four of those are relevant to the instant Motion: (1) the FAA and Airport Board are required to supplement the environmental assessment because of their failure to address stormwater drainage issues and impacts on wetlands and other waters of the U.S. that would result from the planned expansion; (2) the FAA and Airport Board failed to prepare a full Environmental Impact Statement ("EIS") as required by NEPA; (3) the FAA and Airport Board violated NEPA by failing to rigorously explore and objectively evaluate all reasonable alternatives to achieve the airport expansion; and (4) the FAA and Airport Board violated NEPA when they failed to provide a rigorous evaluation of the direct, indirect, and cumulative impacts of the project. [DN 1 ¶¶ 70–87].

The FAA moved to dismiss asserting several bases upon which the Court may grant dismissal. [DN 9]. First, the FAA maintains the Court lacks subject matter jurisdiction to decide the Williams claims against them because such jurisdiction is reserved for the Sixth Circuit or D.C.

Circuit pursuant to § 46110. In the alternative, the FAA argues that the doctrine of *res judicata* warrants dismissal in this instance, the claims are untimely under § 46110, and that the Williams failed to exhaust administrative remedies as required under the same statute. [*Id.* at 1]. The Williams respond opposing each ground for dismissal but argue that if the Court finds that it does not have subject matter jurisdiction, the case should be transferred to the Sixth Circuit in lieu of outright dismissal. [DN 10].

## II. STANDARD OF REVIEW

Although several standards of review are discussed in the FAA's Motion to Dismiss, only one is necessary to resolution of the issue—that concerning subject matter jurisdiction. Federal Rule of Civil Procedure 12(b)(1) provides that a party may file a motion asserting "lack of subject-matter jurisdiction." FED. R. CIV. P. 12(b)(1). "Subject matter jurisdiction is always a threshold determination," *Am. Telecom Co., L.L.C. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)), and "may be raised at any stage in the proceedings[.]" *Schultz v. Gen. R.V. Ctr.*, 512 F.3d 754, 756 (6th Cir. 2008). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). In this instance, the FAA asserts a facial attack. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

## III. DISCUSSION

While the FAA Defendants' Motion to Dismiss sets forth four alternative bases for dismissal, the Court must first address its subject matter jurisdiction, as jurisdiction is "a threshold matter" that mush be established before the Count can proceed onto any other issue. *Citizens for a Better Env't*, 523 U.S. at 94–95.

The FAA argues that the Court lacks subject matter jurisdiction because judicial review of FAA orders is assigned exclusively to the U.S. Courts of Appeals by § 46110(a). The statute provides in relevant part:

> a person disclosing a substantial interest in an order issued by . . . the Administrator of the Federal Aviation Administration with respect to aviation duties and powers designated to be carried out by the Administrator of the Federal Aviation Administration) in whole or in part under this part, part B, or subsection (l) or (s) of section 114 may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business.

49 U.S.C. § 46110. Importantly, "where it is unclear whether review jurisdiction is in the district court or the court of appeals the ambiguity is resolved in favor of the latter." *Gen. Elec. Uranium Mgmt. Corp. v. U.S. Dep't of Energy*, 764 F.2d 896, 903 (D.C. Cir. 1985) (quoting *Denberg v. U.S. R.R. Ret. Bd*, 696 F.2d 1193, 1197 (7th Cir. 1983), *cert. denied*, 466 U.S. 926 (1984)). "A principal reason for this guideline is that exclusive jurisdiction in the court of appeals avoids duplicative review and the attendant delay and expense involved." *Id.*

The FAA argues that Counts II, III, and IV of the Williams Complaint concern review of the 2016 FONSI—a document which the Williams earlier conceded is a final order of the FAA. [DN 9 at 6 (citing DN 1 ¶¶ 3, 54; DN 1-5 at 1)]. The Williams respond that they are not challenging a final order of the FAA. [DN 10 at 7]. However, from the face of the allegations set forth in Counts II, III, and IV, it is clear that they concern the FONSI. The FAA submits the Williams' initial petition for review to the Sixth Circuit as further support for the position that such claims

4

are properly the providence of the courts of appeals. [DN 9-1]. Indeed, the Williams submitted nearly identical claims in their January 2018 petition. [*Id.* at 18–19, 22]. Because Counts II, III, and IV of the Williams' Complaint concern the FAA's 2016 FONSI—a final agency order—the Court does not have subject matter jurisdiction over such claims.

The Court now turns to Count I. In Count I, the Williams allege that the FAA is required to supplement the EA because of its failure to address stormwater drainage issues and impacts on wetlands and other waters of the U.S. that would result from the airport expansion as it is currently planned. [DN 1 ¶¶ 70–73]. The FAA maintains that although the Williams are challenging the FAA's inaction, the claim remains under the purview of § 46110 and is within the exclusive providence of the Sixth Circuit. [DN 9 at 8–11]. In opposition, the Williams assert they are not challenging an FAA final order "because there is no final order to challenge with regards to supplementation." [DN 10 at 8]. As support, the Williams reason that "[w]hen EA or EIS supplementation is required, the FAA is not amending or supplementing a previous order. The FAA must issue a new [FONSI] . . . ." [*Id.*].

It is commonly understood that "a statute which vests jurisdiction in a particular court cuts off original jurisdiction in other courts in all cases covered by that statute." *Telecomms. Research & Action Ctr. ("TRAC") v. FCC*, 750 F.2d 70, 77 (D.C. Cir. 1984) (collecting cases). As abovementioned, exclusive jurisdiction over review of final FAA orders is vested in the courts of appeals by § 46110. As a result, the question then is whether a challenge to FAA inaction in these circumstances falls within the purview of that statute—if so, the Court's jurisdiction is cut off and dismissal or transfer is appropriate.

The FAA relies on several cases addressing similar factual scenarios to support the position that delay in acting and inaction are covered under such a statute. The Court finds persuasive those decisions that extend exclusive jurisdiction to the courts of appeals over cases challenging inaction

or delay where the supposed agency action, once forthcoming, would be reviewable in those courts. *See In re Howard*, 570 F.3d 752, 756 (6th Cir. 2009) (citing *Int'l Union, United Mine Workers of Am. v. U.S. Dep't of Labor ("UMWA")*, 358 F.3d 40, 42 (D.C. Cir. 2004)); *see also TRAC*, 750 F.2d at 75–79. Those cases generally hold that "where a statute commits review of agency action to the Court of Appeals, any suit seeking relief that might affect the Circuit Court's future jurisdiction is subject to the exclusive review of the Court of Appeals." *TRAC*, 750 F.2d at 78–79. Although many of those cases concern a delay in acting rather than an outright failure to act, the Court, like in *In re Howard*, sees no reason to distinguish between inaction and unreasonable delay. 570 F.3d at 756.

A determination of whether supplementation is needed necessarily requires the Court to make a judgment on the sufficiency of the original EA and FONSI—a question clearly covered by § 46110. Further, any Order by the Court requiring the FAA to supplement their FONSI would cause the issuance of a final agency order reviewable exclusively by the courts of appeals. That being the case, the courts of appeals have exclusive jurisdiction to hear this challenge. This outcome is necessary to protect the circuit court's future jurisdiction "because 'it would defeat th[e] statutory scheme to allow plaintiffs to file preemptive suits in the district court' and thereby avoid the court of appeals." *Id.* at 756–57 (quoting *La Voz Radio de la Communidad v. FCC*, 223 F.3d 313, 319 (6th Cir. 2000)).

The Williams point to a Fifth Circuit case in which the court remanded the action to the district court to require the defendants-appellees "to perform an adequate analysis of whether a supplemental EIS is required." *La. Wildlife Fed'n, Inc. v. York*, 761 F.2d 1044, 1046 (5th Cir. 1985). While this case may well be instructive in determining whether the FAA ought to have supplemented the EA for the Henderson Airport expansion project, it has nothing to do with a district court's exercise of jurisdiction over matters related to the FAA nor § 46110. As such, it

does nothing to advance the Williams' position as it relates to the Court's subject matter jurisdiction.

"While litigants may seek, through careful pleading, to avoid the strict jurisdictional limits imposed by Congress, there is not reason to believe 'that the jurisdictional remedy prescribed by Congress hangs on the ingenuity of the complaint.'" *St. John's United Church of Christ v. City of Chicago*, 401 F. Supp. 2d 887, 902 (N.D. Ill. 2005), *aff'd*, 502 F.3d 616 (7th Cir. 2007) (quoting *Cal. Save Our Streams Council, Inc. v. Yeutter*, 887 F.2d 908, 912 (9th Cir. 1989)). The Court will not allow the Williams to avoid proper jurisdiction through artful pleading.

Because the Court does not have subject matter jurisdiction, the final issue is how to dispose of the claims against the FAA. The FAA would have the Court dismiss the counts altogether, requiring the Williams to refile the claims against them in the Sixth Circuit. [DN 9 at 8, 11; DN 11 at 4–6]. The Williams, on the other hand, ask the Court to transfer the claims against the FAA to the Sixth Circuit pursuant to 28 U.S.C. § 1631. [DN 10 at 9–10].

Section 1631 provides in part that if a court finds that it lacks jurisdiction over an action, it shall, if it is in the interest of justice, transfer it to any other such court in which the action could have been brought at the time it was filed or noticed. The Court concludes that the interest of justice will be served by transferring this matter because the Sixth Circuit previously directed the Williams to file a separate petition if they wished to challenge the FAA's decision not to prepare a supplemental EIS. [DN 1-5 at 3]. Although Counts II, III, and IV may very well fail before the Sixth Circuit due to the rationale of its June 21, 2018, order dismissing like claims, Count I alone warrants transfer. *See Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) (recognizing the ability of a court to take a "'peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed").

7

Although the FAA relies on *In re Howard* to support the position that the claims against them are committed to the sole discretion of the courts of appeals, they fail to point out that the district court was presented the same issue concerning disposition. That court, relying on § 1631, transferred the action to the Sixth Circuit. *In re Howard*, No. 7:08-cv-00057-KKC (E.D. Ky. June 23, 2008) (order transferring case to the U.S. Court of Appeals for the Sixth Circuit). Like the district court in *In re Howard*, the Court transfers the four claims against the FAA to the Sixth Circuit.

### IV. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [DN 9] is **GRANTED in part** and **DENIED in part**. The Clerk is hereby **ORDERED** to transfer the claims against the FAA, Stephen Dickson, and Phillip J. Braden—Counts I–IV—to the U.S. Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

Joseph H. McKinley Jr., Senior Judge
United States District Court

December 3, 2019

cc: counsel of record